IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY DREIBELBIS, : | |
| : | |
| Petitioner, : | |
| : | CIVIL ACTION |
| v. : | |
| : | |
| SUPERINTENDENT JOHN : | |
| STEPANIK, et al., : | No. 94-2927 |
| : | |
| Respondents. : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                     **FEBRUARY 9, 2015**

Presently before the Court is an "Amendment To Petition For Writ Of Habeas Corpus" filed by pro se Petitioner, Terry Dreibelbis ("Petitioner"),[1] and Respondents' Response. For the reasons stated below, Petitioner's "Amendment" is denied.

**I.      BACKGROUND**

On October 21, 1977, Petitioner was convicted of First Degree Murder and several counts of Robbery and Conspiracy after a jury trial in the Court of Common Pleas of Berks County. (Resp. at 1.) Petitioner was sentenced to a term of life imprisonment followed by a term of 11 to 22 years incarceration. (Id. at 2.)

Petitioner filed a direct appeal to the Supreme Court of Pennsylvania which affirmed the judgment of sentence on March 13, 1981. Commonwealth v. Dreibelbis, 426 A.2d 1111 (Pa. 1981). Petitioner then filed a petition under the Post Conviction Hearing Act ("PCHA") in 1982.

---

[1] Pro se litigants are entitled to a liberal reading of their filings. See Ellington v. Cortes, 532 F. App'x 53, 55 (3d Cir. 2013). Accordingly, we make our best attempt at interpreting Petitioner's submissions and the allegations and arguments contained therein.

(Resp. at 2.)  A hearing was held on May 19, 1982, and on that same date the petition was dismissed.  (Id.)  The Superior Court of Pennsylvania ("Superior Court") affirmed the dismissal, and a subsequent Petition for allocatur was denied by the Pennsylvania Supreme Court on September 16, 1985.  (Id.)

Petitioner then filed a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court on May 11, 1994.  (Doc. No. 1.)  On July 15, 1994, United States Magistrate Judge Richard A. Powers III issued a Report and Recommendation (R&R) recommending that the Petition be dismissed.  (Doc. No. 11.)  We approved and adopted the R&R on July 28, 1994, and declined to issue a certificate of probable cause.  (Doc. No. 14.)  Petitioner filed a pro se appeal to the United States Court of Appeals for the Third Circuit ("Third Circuit") on August 4, 1994.  (Doc. No. 15.)  The Third Circuit denied the request for a certificate of probable cause on October 12, 1994.  (Doc. No. 19.)

On January 9, 1997, Petitioner filed a second PCRA petition in the Pennsylvania state court which was dismissed on April 16, 1997.  (Resp. at 2.)  The Superior Court affirmed, and a subsequent Petition for allocatur was denied by the Pennsylvania Supreme Court.  Commonwealth v. Dreibelbis, 719 A.2d 744 (Pa. 1998).

More than fifteen years later, on May 16, 2012, Petitioner filed a third PCRA petition which was dismissed as untimely on August 28, 2013.  (Resp. at 2-3.)  This dismissal was affirmed by the Superior Court on March 11, 2014, and a subsequent Petition for allocatur was denied on July 30, 2014.  (Id. at 3.)

On September 22, 2014, more than twenty years after this Court denied his federal Habeas Petition, Petitioner filed the instant document which he titles "Amendment to Petition for

2

Writ of Habeas Corpus." (Doc. No. 23.) On October 1, 2014, the District Attorney of Berks County filed a Response, and Petitioner later filed "Objections" to this Response. (Doc. Nos. 24-25.) Petitioner asserts that this "Amendment" can be considered under Federal Rule of Civil Procedure 15(c)(1)(B).[2] (Amend. to Pet. at 1.)

## II.   DISCUSSION

Petitioner argues that he is entitled to relief pursuant to the United States Supreme Court's ruling in <u>Martinez v. Ryan</u>, 182 S.Ct. 1309 (2012), "which denotes exceptions to the waived issues rules." (Amend. to Pet. at 6-8.) He seems to claim that <u>Martinez</u> entitles him to relief based upon generalized claims of the ineffective assistance of PCHA counsel. (<u>Id.</u>) However, a review of <u>Martinez</u> indicates that Petitioner is not entitled to relief.

In <u>Martinez</u>, the Supreme Court held that a petitioner may establish cause for a procedural default based upon the ineffective assistance of "initial-review" collateral proceeding counsel for failing to raise and preserve a claim of trial counsel ineffectiveness in only two circumstances. <u>Martinez</u>, 182 S.Ct. at 1318-1319. The Court stated:

> The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.

---

[2]Federal Rule of Civil Procedure 15(c)(1)(B) states:

> When an Amendment relates back. An amendment to a pleading relates back to the date of the original pleading when:
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.

Fed. R. Civ. P. 15(c)(1)(B).

> The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Id. at 1318.  However, the Supreme Court was clear that the decision did not create a new ground for relief, but instead, permitted a petitioner to demonstrate the requisite cause necessary to excuse a procedural default.  Id. at 1320.

Here, Petitioner fails to establish that this Court's decision denying habeas relief should be reopened because none of the claims raised by Petitioner in his Habeas Petition were found to be procedurally defaulted.  One of Petitioner's claims was found to be unexhausted and the remaining claims were considered on their merits and dismissed.  (See R&R, July 15, 1994, Doc. No. 11.)  Since none of Petitioner's habeas claims were found to be procedurally defaulted, he is unable to demonstrate that the procedural default of any issues was due to the ineffectiveness of PCHA counsel as required to qualify for relief under  Martinez.  Thus, Petitioner's "Amendment to Petition for Writ of Habeas Corpus" is denied.

An appropriate Order follows.